### MORETTI v. WILEY et al.

(Circuit Court of Appeals, Fifth Circuit. March 30, 1922.)

No. 3768.

**Estoppel ⊗⇒78(3)—Complainant, who concurred in vesting of title to lands in a corporation, cannot thereafter recover an interest therein.**

A complainant, who assisted in the purchase of quarry lands under an agreement that title should be vested in a corporation formed for the purpose, in which he was to have an interest, which was done, cannot thereafter maintain a suit to recover an interest in the lands from a grantee of the corporation, on the ground that he did not receive his stock in the corporation, whatever other remedy he may have.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Alabama; William I. Grubb, Judge.

Suit in equity by Guiseppe Moretti against John Wiley and others. Decree for defendants, and complainant appeals. Affirmed.

E. H. Cabaniss, of Birmingham, Ala., Forney Johnston, of Washington, D. C., and W. R. C. Cocke, of Birmingham, Ala. (Jelks H. Cabaniss, of Birmingham, Ala., and Allan S. Locke, of New York City, on the brief), for appellant.

Borden Burr, of Birmingham, Ala. (Percy, Benners & Burr and Townsend & Guiterman, all of Birmingham, Ala., on the brief), for appellees.

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a final decree dismissing a bill in equity, by which the appellant seeks to impress with a trust in his favor an undivided one-third interest in certain marble-bearing lands in Talladega county, Ala.

The bill avers that appellant acquired options to purchase the lands under an agreement with appellee Wiley that the latter would pay the purchase price and finance the development of marble quarries thereon, and that the land, quarries, and improvements so acquired would be jointly owned, in the proportions of one-third to appellant and two-thirds to Wiley; that Wiley conveyed the title to the land, or caused it to be conveyed, to the Marble City Quarry Company, with intent to defraud appellant of his interest, and thereafter, with like intent, procured a conveyance from the Marble City Quarry Company to the Madras Marble Company, and bonds to be issued by the latter company, and bonds to be issued by the latter company to the Empire Trust Company. The bill prayed that the land be sold and one-third of the proceeds paid to the appellant, or that appellant be decreed to be the owner of an undivided one-third interest therein.

Wiley alleges in his answer that he was to be reimbursed for advances made by him out of the earnings and assets of the corporation, and that appellant secured the land cheaper than he reported and wrongfully kept the difference, or a part of it, between the actual purchase price and the price which Wiley paid. The answer also denies the charges of fraud made in the bill of complaint.

There was an utter lack of evidence to show that any fraud was perpetrated in placing the title in the Marble City Quarry Company. Early in their negotiations Moretti and Wiley agreed to form a corporation, which should own the land and in which they would be the principal stockholders. The title was first conveyed to Wiley, but very shortly thereafter to the Marble City Quarry Company, which had been formed in the meantime. There was sufficient evidence to justify the conclusion that Wiley was to have his interest for furnishing the purchase price of the land, and was to be reimbursed by the corporation for any other advances made by him. Wiley advanced sufficient amount to secure the title to the property, and acknowledged that appellant had an interest in the corporation, and that he held one-third of the stock issued to him for the benefit of appellant until he apparently became convinced that appellant had profited in securing the options as charged in his answer. It is apparent that Wiley did so believe, and that thereafter he assumed and asserted the position that appellant had forfeited any right to stock in the corporation. The Marble City Quarry Company conveyed title to the Madras Marble Company and was thereafter dissolved. The Madras Marble Company issued bonds, which were held by the Empire Trust Company as trustee. No one of the parties is a resident or citizen of the district where the suit was brought; but the lands in litigation are within that district, and jurisdiction is claimed under section 57 of the Judicial

Code (Comp. St. § 1039), which provides for the enforcement of equitable claims to title.

The evidence was taken before the District Judge, who, after hearing it, included in the decree the finding that—

"complainant has failed to prove the material allegations of the bill of complaint, as amended, and that respondents have proven the material allegations of their separate and several answers."

The court dismissed the bill without prejudice.

We are of opinion that this suit for the recovery of title to the lands cannot be maintained. Title passed to the corporation in accordance with the intention of appellant, and in strict conformity to the agreement between him and Wiley. Thereafter appellant's sole interest was in the stock of the corporation. The bill does not proceed upon the theory of recovering the stock or a personal judgment against Wiley. The Marble City Quarry Company became the owner of the land and its title was free from any cloud or taint of fraud. In Johnston v. Standard Mining Co., 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480, under a similar state of facts, it is said:

"If he assented to the formation of the corporation and the transfer of the mine to it, he clearly waived his right to reclaim an interest in the mine itself."

See, also, Reed v. Munn, 148 Fed. 737, 80 C. C. A. 215.

The bill of complaint having been dismissed without prejudice, appellant is not precluded from asserting any appropriate remedy he may have against Wiley.

We are of opinion that the decree of the court below is correct, and it is therefore affirmed.